# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEANNIE M. URBAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23CV74 JAR |
| | ) | |
| WALMART, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 16. Plaintiff did not file a response in opposition. For the reasons set forth below, Defendant's Unopposed Motion will be granted.

## Background and Facts

On January 23, 2023, Plaintiff Jeannie Urban, proceeding *pro se*, filed this action against Defendant Walmart alleging several employment discrimination claims, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973, as amended, §§ 701, *et seq.*

Plaintiff's Complaint, in pertinent part, alleges[1] that she began her employment with Defendant Walmart as a personal shopper on March 31, 2020, in Warrenton, Missouri. On April 2, 2020, she took a leave of absence related to COVID-19. Due to a miscommunication with Human Resources, she was terminated for failing to return from her leave of absence. Plaintiff

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Complaint and accepted as true for purposes of this motion only. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

reapplied for the personal shopper position and was rehired by Defendant on June 13, 2022. Shortly after, she went out on a continuous leave of absence related to COVID-19. After this, she incurred other leaves of absences. These were paid and approved medical leaves of absences, but she did accrue "attendance points" for them. During these absences, supervisory personnel and Human Resources asked her to come back to work early and explained her job may not be available when she returned. Plaintiff was not able to come back to work early because she alleged she was disabled and unable to meet the job requirements due to her mental and physical status. Due to her accrued "attendance points," Defendant terminated Plaintiff's employment. After her termination, Plaintiff contacted Defendant in an effort to get her job back and show that her medical absences were approved. Plaintiff met with Defendant's store manager, who told her she was a "very sick woman" and needed to stay home to get well. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) against Defendant. On November 1, 2022, Plaintiff received a Notice of Right to Sue from the EEOC, which is attached to her Complaint.

Accordingly, Plaintiff filed this action, alleging disability discrimination under the ADA and an unspecified claim under Title VII and the Rehabilitation Act. Under the nature of her case section in the Complaint, Plaintiff checked that the following claims related to her disability discrimination claims: termination, failure to accommodate her disability, harassment, retaliation and other. Plaintiff checked "disability" and "other" for the reasons that she believed she was discriminated against.

Defendant filed the instant motion, pursuant to Federal Rules of Civil Procedure 12(b)(6), requesting the Court to dismiss Plaintiff's Complaint. Plaintiff did not respond to Defendant's Motion. On August 4, 2023, the Court ordered her to show cause why she did not respond. ECF

No. 21. The Court cautioned that failure to do so would result in the Court ruling on Defendant's unopposed Motion to Dismiss and/or possible dismissal of this action for failure to prosecute. To date, Plaintiff has not filed any response to either the Court's Show Cause Order or Defendant's Motion,[2] and the deadline to do so has passed.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A claim is facially plausible when "the plaintiff pleads

---

[2] On September 22, 2023, Plaintiff filed a notice of change of address with the Court. ECF No. 22. That same date, the Court directed the Clerk's Office to send both the Court's Show Cause Order and Defendant's Motion to her new address to ensure she received both documents. No further correspondence has been received from Plaintiff since September 22, 2023.

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## Discussion

As explained in further detail below and for the reasons set forth in the instant motion, the Court finds Plaintiff's Complaint as pled is entirely insufficient.

<u>Summary Judgment Conversion Not Necessary</u>

Plaintiff's EEOC Charge of Discrimination ("EEOC charge") was not attached to her Complaint, and Defendant attached it to the instant motion. *See* ECF No. 17-1. Defendant argues the Court can consider the EEOC charge for purposes of its motion, but requests if the Court does not agree, to convert the motion for summary judgment. The Court finds converting Defendant's motion to dismiss to a summary judgment motion is not necessary in this case. When considering a motion to dismiss under Rule 12(b)(6), a court may consider "[d]ocuments necessarily embraced by the pleadings," meaning "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (holding that such documents may be considered on a 12(b)(6) motion); *see also, Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015) (holding the same as to "documents incorporated into the complaint by reference.") Thus, the Court will consider this document because the EEOC charge is specifically referenced in the Complaint, and its authenticity is not in dispute. *See, e.g., Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (considering documents not included in the pleadings on a motion to dismiss because they were necessarily embraced by the

4

complaint and there was no dispute as to the documents' authenticity).

ADA Claims

Plaintiff's Complaint alleges disability discrimination based on termination, a failure to accommodate, hostile work environment and retaliation under the ADA. Defendant argues these claims should be dismissed for failure to state a claim. Defendant also maintains that Plaintiff failed to exhaust her claims for failure to accommodate, hostile work environment and retaliation.

*Disability Discrimination Based on Termination*

"The ADA prohibits employers from discriminating 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Ehlers v. Univ. of Minnesota*, 34 F.4th 655, 659 (8th Cir. 2022) (quoting 42 U.S.C. § 12112(a)). To obtain relief for disability discrimination under the ADA, Plaintiff must show that she (1) has a disability within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) suffered an adverse employment action due to his disability. *Huber v. Wal-Mart Stores, Inc.,* 486 F.3d 480, 482 (8th Cir. 2007). A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1). "To be a 'qualified individual' within the meaning of the ADA, an employee must (1) possess the requisite skill, education, experience, and training for his position, and (2) be able to perform the essential job functions, with or without reasonable accommodation." *Fenney v. Dakota, Minn. & E. R.R.,* 327 F.3d 707, 712 (8th Cir. 2003) (internal quotation marks and brackets omitted); see § 12111(8) ("The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential

5

functions of the employment position that such individual holds or desires.").

In her EEOC charge, Plaintiff only alleged that she has a disability, without reference to what her disability is or how her impairment impacts a major life activity. In her Complaint, she again fails to identify what her disability is, only referencing absences due to COVID-19. Even granting inferences in her favor, Plaintiff fails to show that she has a disability within the meaning of the ADA. Further, Plaintiff admits in her complaint she was not able to meet the job requirements due to her mental and physical status, thus also failing to establish she was a "qualified individual" who was able to perform the essential job functions, with or without reasonable accommodation. *See, e.g., Krauel v. Iowa Methodist Med. Ctr.,* 95 F.3d 674, 677 (8th Cir. 1996) ("The threshold requirement for coverage under the ADA is that the plaintiff be a 'qualified individual with a disability.'"). Plaintiff's "threadbare" allegations cannot survive a 12(b)(6) motion to dismiss, and Defendant's motion as to this claim is well-taken.

*Remaining ADA Claims*

Plaintiff's Complaint also alleges claims under the ADA for a failure to accommodate, hostile work environment and retaliation. Defendant argues these claims should be dismissed for failure to exhaust, or in the alternative, failure to state a claim.

Before filing a lawsuit under the ADA, a plaintiff must exhaust his or her administrative remedies by filing a charge with the EEOC. *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). To satisfy the exhaustion requirement, the administrative charge must provide the employer sufficient notice of the plaintiff's claim. *Russell v. TG Missouri Corp.*, 340 F.3d 735, 748 (8th Cir. 2003). "The information contained in an EEOC charge must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an

6

employee may choose to later present in court." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Wallin v. Minn. Dep't of Corr.,* 153 F.3d 681, 688 (8th Cir. 1998). The administrative charge must be construed liberally because of the ADA's remedial purposes. *Kells v. Sinclair Buick–GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000), *abrogated on other grounds by Torgerson*, 643 F.3d at 1031. A plaintiff may seek relief for discrimination that grows out of or, is like, or reasonably related to the substance of the allegations in the administrative charge. *Id*. Therefore, "[t]he breadth of the civil suit is ... as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Stuart v. General Motors*, 217 F.3d 621, 630–31 (8th Cir. 2000).

Plaintiff's EEOC charge states the following factual basis for her sole discrimination claim based on disability:

1. I was hired by [Defendant] on or about 03/2021, as a Personal Shopper. On or about 06/2021 I was terminated for no call no show due to medical reasons. On June 13, 2021, I reapplied, and re-hired as a Personal Shopper.

2. On or about June 13, 2021, I informed my supervisor, Samantha Varga, Team Lead Digital, that I have a disability. On or about January 17, 2022, my employment was terminated for exceeding the number of points toward absences. My absences were approved through SEDGWICK in accordance with [Defendant's] policy.

3. I believe that I was discriminated against because of my disabilities in violation of the American with Disabilities Act of 1990, as amended. I believed that I followed the proper procedures for reporting absences for medical leave.

ECF No. 17-1 at pg. 2.

The Eighth Circuit requires that the scope of an ADA lawsuit reflect the claims brought

7

in the administrative proceedings. For instance, the Eighth Circuit found that dismissal of a disability harassment claim was proper when the underlying charge only referenced termination based on disability discrimination. *See Kells,* 210 F.3d at 836. The Eighth Circuit has also held numerous times that retaliation claims are not reasonably related to underlying claims of discrimination and shall not be considered unless the retaliation claim somehow grew out of the EEOC charge. *See e.g., Wallin,* 153 F.3d at 688. In that same breadth, courts in this circuit have similarly held that "[r]easonable accommodation claims are different from disparate treatment discrimination claims and require different liability analyses .... Therefore, courts in other circuits and districts have concluded that a charge that only mentions discrimination does not exhaust a claim for a reasonable accommodation." *Marz v. Presbyterian Homes and Services,* 2011 WL 2912866, at *7 (D. Minn. June 22, 2011) (internal citation omitted); *see also, Weatherly v. Ford Motor Co.,* 2019 WL 13297892, at *3 (W.D. Mo. March 28, 2019) (same); *Knutson v. Medtronic*, Inc., 2006 WL 1851142, at *9 (D. Minn. July 3, 2006) (same).

  Here, Plaintiff's Complaint alleges different violations of the ADA than her EEOC charge, which only claimed she was terminated because of her disability. Now her Complaint alleges that her disability was not reasonably accommodated, and she was harassed and retaliated against because of her disability. Nothing in her EEOC charge shows the intention of bringing claims against Defendant for failure to accommodate, harassment, or retaliation. Plaintiff's current claims for failure to accommodate, harassment, and retaliation under the ADA are distinct and not reasonably related to the claim in her EEOC charge for exhaustion purposes. The allegation in the EEOC charge that Defendant terminated Plaintiff because of an unknown disability is insufficient to put Defendant on notice of these claims. Because Plaintiff's current claims are outside the scope of her EEOC charge, she has failed to exhaust her administrative

remedies.[3]

Title VII

In her Complaint, Plaintiff indicated that Title VII applied to her case. Defendant argues this claim should be dismissed for both failure to exhaust and failure to state a claim.

Title VII bans discrimination with respect to "compensation, terms, conditions, or privileges of employment, because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Just like with her ADA claims, Plaintiff must exhaust her administrative remedies before bringing a Title VII suit in federal court. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006). The Court applies the same exhaustion standard here as explained in the ADA claims section above, which requires Plaintiff's Title VII claim to be reasonably related to the substance of the allegations in the administrative charge. *Kells,* 210 F.3d at 836.

In Plaintiff's EEOC charge, she alleges only disability in the "discrimination based on" box. ECF No. 17-1 at pg. 1. Plaintiff's EEOC facts state that she believes she was discriminated against because of her disabilities in violation of the ADA. Plaintiff does not allege any facts in her charge that could be inferred to reasonably relate to a Title VII claim or a protected class under its umbrella. Therefore, the Court determines that she has failed to exhaust her administrative remedies. The Court notes that even if she properly exhausted this claim, her Complaint also fails to state a claim under Title VII, which requires her to show that she: "'(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an

---

[3] Even if these claims were not exhausted, for the reasons set forth in both the Court's analysis in the preceding section and in Defendant's Motion, the Court finds Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) for her failure to accommodate, hostile work environment and retaliation claims because Plaintiff fails to meet the threshold issue of whether she is "disabled" under the meaning of the ADA.

9

inference of discrimination.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)). Her Complaint only indicates that she was discriminated against in the categories of "disability" and "other" and does not allege any facts that she was a member of a protected class. Defendant's Motion will be granted as to this ground.

    Rehabilitation Act

Plaintiff checked the box in her Complaint that the Rehabilitation Act applied to her case. Section 504 of the Rehabilitation Act provides in relevant part that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794. Although the ADA has no federal funding requirement, "it is otherwise similar in substance to the Rehabilitation Act, and 'cases interpreting either are applicable and interchangeable.'" *Gorman v. Bartch,* 152 F.3d 907, 912 (8th Cir. 1998) (quoting *Allison v. Dep't of Corr.,* 94 F.3d 494, 497 (8th Cir. 1996)) "To prevail on a claim under § 504, a plaintiff must demonstrate that: (1) she is a qualified individual with a disability; (2) she was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) she was discriminated against based on his disability." *Gorman*, 152 F.3d at 911 (footnote and citation omitted).

The Court has already found, as explained above, that Plaintiff has failed to meet the threshold requirement that she is a "qualified individual with a disability" within the meaning of the ADA. Further, as Defendant correctly argues, Plaintiff has not provided any facts in her Complaint to support Defendant is a public entity which receives federal funds. Therefore, this claim will be dismissed.

10

**Conclusion**

Because of the multiple deficiencies throughout her Complaint, the Court has no choice but to dismiss Plaintiff's Complaint, which as plead is clearly insufficient. Therefore, the Court will grant Defendant's Unopposed Motion to Dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Unopposed Motion to Dismiss [ECF No. 16] is **GRANTED without prejudice.**

A separate Judgment will accompany this Memorandum and Order.

Dated this 13th day of March, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**