UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEANNIE M. URBAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CV74 JAR |
| | ) |
| WALMART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jeannie M. Urban's *pro se* Motion for Reconsideration of the Court's Order dismissing her case. ECF No. 25. For the reasons set forth below, Plaintiff's Motion will be denied.

On January 13, 2023, Plaintiff filed this action, alleging disability discrimination based on termination, failure to accommodate her disability, harassment, and retaliation under the American with Disabilities Act ("ADA") and an unspecified claim under Title VII and the Rehabilitation Act. ECF No. 1.

On April 18, 2023, Defendant filed its Motion to Dismiss Plaintiff's Complaint, for failure to exhaust administrative remedies on most claims, or in the alternative, failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) on all counts. ECF No. 16. Plaintiff did not respond to Defendant's Motion. On August 4, 2023, the Court ordered Plaintiff to show cause why she did not respond. ECF No. 21. The Court cautioned that failure to do so would result in the Court ruling on Defendant's unopposed Motion to Dismiss and/or possible dismissal of this action for failure to prosecute. Plaintiff did not file any response to either the Court's Show Cause Order or Defendant's Motion. The Court notes that the only correspondence that Plaintiff filed prior to

the instant motion was on September 22, 2023, was a notice of change of address with the Court. ECF No. 22. That same date, the Court directed the Clerk's Office to send both the Court's Show Cause Order and Defendant's Motion to her new address to ensure she received both documents. No further correspondence had been received from Plaintiff until the instant motion was filed and her address appears to have remained the same. Plaintiff claims she was unable to present her arguments in support of her case, but does not provide a good cause reason for her failure to timely respond to Defendant's Motion to Dismiss or the Court's Show Cause Order.

Even if Plaintiff's reasons for failing to timely respond and failing to comply with the local rules were sufficient, the Court found that Plaintiff failed to state a claim upon which relief can be granted, pursuant to 12(b)(6), for her disability discrimination claims under the ADA and Rehabilitation Act. The Court further found that Defendant's arguments in support of its Motion that Plaintiff failed to administratively exhaust her claims for Title VII discrimination, and failure to accommodate, hostile work environment and retaliation under the ADA were well-taken. Even if these claims were properly exhausted, the Court found that the facts alleged were insufficient to state a cause of action.

For these reasons, the Court finds that Plaintiff does not provide a meritorious argument for this Court's Order to be set aside.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *pro se* Motion for Reconsideration of the Court's Order dismissing her case [ECF No. 25] is **DENIED**.

Dated this 29th day of March, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE